**BOLTON ROOFING COMPANY, INC., Plaintiff-Appellant,**

v.

**Wayne D. HEDRICK, Trustee, and Wayne D. Hedrick and Alta M. Hedrick, his wife, Defendants-Respondents.**

**No. 14205.**

Missouri Court of Appeals, Southern District, Division One.

Nov. 25, 1985.

Gary Ratzlaff, Boyer & Ratzlaff, Lamar, for plaintiff-appellant.

Glenn E. Bradford, Talpers, Conger, Bronstein, Bradford, & Ralls, P.C., Kansas City, for defendants-respondents.

GREENE, Judge.

Plaintiff, Bolton Roofing Company, Inc. (Bolton), appeals from the action of the

trial court granting summary judgment in favor of defendants, Wayne D. Hedrick, individually and as a trustee, and Alta M. Hedrick, his wife. The court ruling came in a suit brought by Bolton seeking to have a judgment in its favor and against Wayne D. Hedrick satisfied by the court ordered sale of real estate held in trust by Wayne for his benefit, and that of his wife and two sons. In its opinion supporting the judgment, the trial court held that the "spendthrift" provision in the trust agreement prevented Bolton from levying on the trust assets.

Bolton contends the spendthrift provision in the trust agreement relied on by the trial court was void as to creditors such as Bolton.

The material facts in this case, submitted to the trial court via joint stipulation, were as follows. On January 8, 1975, certain real estate in Barton County, Missouri, owned by Wayne and Alta as tenants by the entireties, was conveyed by them to Wayne, as trustee, subject to the terms and conditions of a trust agreement dated the same day, in which agreement Wayne and Alta were the grantors. Beneficiaries in the trust agreement were Wayne, Alta, and their two sons, Micheal and Lynden. The agreement contains what is known as a spendthrift clause which reads as follows:

To the extent permitted by law, none of the beneficiaries hereunder shall have any power to dispose of or to charge by way of anticipation or otherwise any interest given to such beneficiary; and all sums payable to any beneficiary hereunder shall be free and clear of debts, contracts, alienations and anticipations of such beneficiary, and of all liabilities for levies and attachments and proceedings of any kind, at law or in equity, and, in the case of a married woman, free from the control of her husband.

On August 24, 1981, Bolton obtained a judgment against Wayne for $7,979.21 plus interest and costs of $128.05. Wayne's wife and sons were not parties to the suit. An execution was issued, but was returned unsatisfied, which prompted this litigation.

In support of its argument that the spendthrift provision of the trust is void as to Wayne's creditors, Bolton cites § 428.-010, RSMo 1978, which provides that "[e]very deed of gift and conveyance of goods and chattels, in trust, to the use of the person so making such deed of gift or conveyance, is declared to be void as against creditors, existing and subsequent, and purchasers." The forerunner of this statute, containing similar language, has been held to apply to real estate. *Jamison v. Mississippi Valley Trust Co.*, 207 S.W. 788, 789 (Mo.1918).

Bolton contends that Wayne is both a grantor, and a beneficiary, of the trust, and therefore the statute bars the conveyance of the real estate to Wayne, as trustee, from being used as a device to defeat the claims of creditors such as Bolton.

Neither party, in its brief, cites the statute specifically dealing with the problem here, which is § 456.080.3, RSMo Supp. 1984. This statutory section referring to spendthrift trusts provides that "[i]f the settlor is also a beneficiary of the trust, a provision restraining the voluntary or involuntary transfer of his beneficial interest will not prevent his creditors from satisfying claims from his interest in the trust estate." In the context of the statute, "settlor" means one who furnishes the consideration for the creation of a trust. Black's Law Dictionary 1539 (4th ed. 1968). Bolton's claim would be valid if the judgment it relies on were against Wayne and Alta, jointly and severally, but it is not. The judgment is against Wayne, as an individual. Bolton would not have had any legal right to levy against the real estate owned jointly by Wayne and Alta prior to the time they conveyed it under the trust agreement. *Thummel v. Thummel*, 609 S.W.2d 175, 180 (Mo.App.1980). It stands to reason, therefore, that Bolton could not have the same real estate, after it had been conveyed to the trustee by Wayne and Alta, as tenants by the entireties, sold to satisfy an individual debt of Wayne's. The spendthrift provision in the trust did not do what § 456.080.3 forbids, as Wayne did not

put his individual property in trust to keep it from being used to satisfy the demands of his creditors. The spendthrift clause used here in the trust agreement offends neither statute nor public policy, because it does not deprive Bolton of any rights it had before the conveyance in question was made. *See Elec. Workers v. IBEW–NECA Holiday Trust*, 583 S.W.2d 154, 157 (Mo. banc 1979).

The trial court correctly ruled that the spendthrift provision of the trust agreement prevents Bolton from levying on the real estate in question.

Judgment affirmed.

TITUS, P.J., and FLANIGAN, J., concur.