**SECURITY PACIFIC BANK WASHINGTON, a National Banking Association, Plaintiff,**

v.

**Jing Long CHANG, aka Alan J.L. Chang, Individually; Jing Long Chang, Trustee of the Jing Long Chang Revocable Living Trust; Chu Whea Wu Chang, aka Julia W. Chang, Individually; and Chu Whea Wu Chang, Trustee of the Chu Whea Wu Chang Revocable Living Trust, Defendants.**

Civ. No. 91–00512 HMF.

United States District Court, D. Hawaii.

April 22, 1993.

Robert J. Smolenski, Laura J. Sasaki, Smolenski & Wooddell, Honolulu, HI, for plaintiff.

Enver W. Painter, Jr., Painter & Luria, Honolulu, HI, for defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

### INTRODUCTION

On April 19, 1993, the court heard oral arguments on two opposing motions for summary judgment. In its motion for summary judgment, plaintiff Security Pacific Bank Washington (the "Bank") seeks to reach two properties held by the Jing Long Chang Revocable Living Trust ("Alan Chang Trust") to satisfy a judgment against defendant Jing Long Chang, aka Alan Chang ("Alan Chang"). In the defendants' counter-motion for summary judgment, they counter that the properties are protected by a spendthrift provision and cannot be reached by the Bank as creditor.

### BACKGROUND

On March 27, 1990 Alan Chang and his wife, defendant Chu Whea Wu Chang, aka Julia Chang, established two revocable living trusts: the Alan Chang trust with Alan Chang as the trustee and beneficiary, and the Julia Chang Trust with Julia Chang as the trustee and the beneficiary. The trusts each had spendthrift provisions that stated:

> *Alienation of Trust.* No part of the principal or income of this trust shall be subject to anticipation, alienation, disposition, or assignment by any beneficiary or be subject to the claims of their creditors.

Defendants' Motion for Summary Judgment, Exh. E, ¶ 8.

On the same day the trusts were created, the Changs conveyed to the trusts three real properties which the Changs held as tenants in the entirety. One of these properties has since been sold by the trusts. The remaining two properties, located respectively at 143 East Hind Drive and 151 East Hind Drive in Honolulu, are still held by the trusts as tenants in common.

In June 1990, Alan Chang signed a promissory note in favor of the Bank. On July 13, 1992 the court orally granted summary judgment in favor of the Bank, holding that Alan Chang was liable as a guarantor. The court also ruled that the Bank could satisfy its judgment against Chang with the assets of the Chang Trust to the extent that such assets had been Chang's individual property before they were placed in trust. The court reserved ruling, however, on whether the two pieces of real property held by the trust were subject to the judgment because the defendants had argued that the properties had been formerly held under a tenancy by the

entirety, and were not subject to the husband's creditors.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Both sides agree that summary judgment is appropriate because there are no facts in dispute and the questions are only questions of law.

■ A basic principle of trust law which neither side disputes is that a person may not prevent creditors from reaching his property by placing the property in a spendthrift trust with himself as the beneficiary. *Cooke Trust Co. v. Lords,* 41 Haw. 198 (1955); Second Restatement of Trusts, § 156. In other words, a spendthrift trust established by the settlor for his own benefit is invalid against the settlor's creditors. This was the basis for the court's ruling in July that the other assets of the trust could be reached by the Bank.

The Bank argues that this ruling should be extended to the two properties that are the subject of these motions because Alan Chang was the settlor of the trust because he caused the properties to be deposited in the trust for his benefit. The language of the Chang Trust itself supports this argument by specifically naming Alan Chang as the settlor of the trust.

■ The Changs contend that Alan Chang was not the settlor of the trust because the properties were not his properties to dispose of, but were instead placed in the trust by the tenancy in the entirety. A tenancy in the entirety is a marital estate in which the husband and wife are treated as a single owner of property. The individual creditor of one spouse cannot reach the spouse's interest in a property held in a tenancy by the entirety. During the marriage, property held in a tenancy in the entirety may only be alienated by the joint action of both spouses. *Sawada v. Endo,* 57

Haw. 608, 613, 561 P.2d 1291 (1977). The Changs contend that Alan Chang could not have been the settlor of the Chang Trust because he could not have unilaterally transferred the tenancy by the entirety property to the trust.

In *Bolton Roofing Co., Inc. v. Hedrick,* 701 S.W.2d 183 (Mo.App.1985), the Missouri Court of Appeals faced a similar situation. There, the husband and wife had conveyed their interests as tenants in the entirety to a spendthrift trust with the husband, wife and their sons as beneficiaries. *Id.* at 184. The husband's individual creditor sought recovery from the trust, arguing that the spendthrift clause was invalid. In interpreting a statute that invalidated spendthrift trusts in which the settlor was also a beneficiary, the *Bolton* court held that the trust was valid because the husband was not the settlor. *Id.* Reasoning that the policy behind invalidating spendthrift trusts in favor of the settlor was to protect creditors who would otherwise be able to reach the settlor's property, the *Bolton* court found that the policy was not offended by upholding a spendthrift clause against a creditor who could not have reached the estate in the entirety had the trust not been created. *Id.* at 185.

■ The Bank attempts to distinguish *Bolton* by arguing that the present case unlike *Bolton* involves the creation of two trusts, each of which formed the consideration for the other. The established rule is that a spendthrift trust in favor of the settlor will be invalidated even if the beneficiary attempts to disguise the fact that he was the settlor of the trust, i.e., if the consideration for the formation of the trust flowed from the beneficiary, the beneficiary's creditors may reach the trust. G. Bogert, *Law of Trust & Trustees* § 41, at 426 (1992) (footnotes omitted). The Bank contends that the Changs gave mutual consideration by jointly conferring the two properties on their respective trusts, thereby making each of them a settlor in substance, if not in form.

The suggested distinction between *Bolton* and the present case is not decisive. While the husband and wife in *Bolton* did not create two trusts, the wife did receive consideration in the form of her designation as a trust

beneficiary for her cooperation in conveying the entireties estate. Thus, the *Bolton* decision cannot be explained away on the distinction of one trust against two trusts.

In the absence of authority from the Hawaii courts, this court must predict how the Hawaii Supreme Court would resolve this issue. From the *Sawada* decision, it is clear that the Hawaii Supreme Court's predilection is to favor protecting family owned properties from individual creditors. *Sawada*, 57 Haw. at 617, 561 P.2d 1291 ("If we were to select between a public policy favoring the creditors of one of the spouses and one favoring the interests of the family unit, we would not hesitate to choose the latter." *Id.*) That policy decision is exactly the one before the court—by invalidating the spendthrift provision, the court would benefit the husband's individual creditors to the detriment of the wife.[1]

Most importantly, as explained in *Bolton*, there is no policy reason to invalidate this spendthrift clause. The individual creditors are not deprived of an individual asset that they could have reached absent the spendthrift clause. Rather, the operation of the tenancy in the entirety would have prevented them from reaching the property. To invalidate the spendthrift clause would not give the plaintiff creditor justice, it would simply give it a windfall.

In the absence of unfairness to the creditors, the court will not invalidate the spendthrift clause with respect to the two properties. Thus, the court DENIES the motion for summary judgment by the Bank, and GRANTS the defendants' motion for summary judgment.

IT IS SO ORDERED.

---

1. At the hearing, the Bank argued that Julia Chang would not be prejudiced if the Bank was allowed to reach the 50% interest in the properties held by her husband's trust because her interest would be unaffected. That argument ignores the reality that Julia Chang's interests are more likely to be aligned with her husband's interests than with the Bank's.